IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

15 SEP 30 PM 2: 10

CLERK-ALBUQUERQUE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE ELECTRONIC MEMORY OF THE NIGHT OWL MODEL WM-8DVR-5GB DIGITAL VIDEO RECORDER BEARING SERIAL NUMBER: 170C-010339, CURRENTLY LOCATED AT DRUG ENFORCEMENT ADMINISTRATION ALBUQUERQUE DISTRICT OFFICE | Case No. 15mr605 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION UNDER RULE 41
### FOR A WARRANT TO SEARCH AND SEIZE

I, Clarence Davis, Task Force Officer of the Drug Enforcement Administration (DEA), being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – an electronic device – which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer of the United States Drug Enforcement Administration (DEA) assigned to the Albuquerque District Office. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have

been a Task Force Officer for a total of four years. I have been a certified law enforcement officer within the state of New Mexico for the past twenty-eight years.

3. My experience as a police officer includes, but is not limited to, conducting surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working undercover, as well as working with informants. I have received training in, and have experience in, the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of numerous drug trafficking conspiracies, including multiple Title III investigations. I have also participated in complex investigations that required the analysis of tolls and data from pen registers. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store and distribute drugs, and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

4. Through my training and experience, I have learned that:

   a. Drug traffickers often utilize surveillance cameras and other sophisticated equipment to protect their stash houses, as well as locations that distribute illegal drugs;

   b. Drug traffickers often use surveillance equipment to identify law enforcement surveillance or to warn them of approaching law enforcement officers;

   c. Drug traffickers often utilize surveillance equipment, which can be accessed remotely to maintain operational control of co-conspirators or locations used by

lower ranking members of a drug trafficking organization (DTO) to insulate higher ranking members from other drug traffickers or law enforcement;

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

6. The property to be searched is a black in color, Night Owl Digital Video Recorder; model WM-8DVR-5GB, and bearing serial number 170C-010339, hereinafter referred to as the "Device." The Device is currently located at the DEA Albuquerque District Office.

7. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

8. On August 26, 2015, Law Enforcement Officers with the Socorro Police Department served a State of New Mexico District Court Search Warrant at 603 Reservoir Street, Socorro, New Mexico (603 Reservoir Street). This search warrant authorized a search of the residence to recover items of stolen property.

9. 603 Reservoir Street was identified by members of the Socorro Police Department as being the primary residence of Joel MARTINEZ and his girlfriend, Joselyn BUSTAMANTE; however two additional adults were present in the home at the time of the search warrant service.

10. Officers of the Socorro Police Department located numerous items of stolen property in the home, and also seized two Motorola, Model Moto 360 cellular phone watches, which were suspected of being stolen.

11. During the search of the residence, Socorro Police Officer, Carlos Valenzuela encountered a locked Snap On Brand tool box in the living room of the home. Officer Valenzuela advised me, that he located keys to the toolbox on a keychain belonging to MARTINEZ.

12. Officer Valenzuela advised upon opening the toolbox, he observed what appeared to be approximately one pound of suspected methamphetamine and a digital scale for weighing small amounts.

13. Based on the suspected drugs located within the home, Law Enforcement Officers from Region 1 Task Force and DEA responded to the location and subsequently a federal search warrant was obtained authorizing a search of the premises for illegal drugs and related evidence.

14. A federal search warrant was granted and was signed by United States Magistrate Judge Steven C. Yarbrough. This warrant authorized the search of the home for illegal drugs as well as electronic devices to include; cellular phones, any and all paging devices, and other communication devices, electronic medium, and computers, computer software, and peripherals.

15. On August 26, 2015, at approximately 5:30 p.m., Law Enforcement Officers with Region 1 Task Force and DEA served the previously mentioned search warrant.

16. Upon entering the premises of 603 Reservoir Street, agents observed the residence was outfitted with surveillance cameras, which were affixed to the exterior of the home. Additionally upon entering the home, agents observed a video monitor screen attached to the previously mentioned digital video recorder. The monitor displayed digital images of the front yard and parking area of the home. [handwritten: CAS HERETO REFERRED TO AS THE DEVICE gcm]

17. During the search of the home, agents located and seized suspected over 300 grams of suspected methamphetamine as well several items of evidence to include, but not

limited to; two digital scales, a suspected drug ledger, four cellular phones, one Apple IPod, and a digital video recorder.

18. Based on evidence located at 603 Reservoir Street, I met with MARTINEZ and advised him of his rights per Miranda. MARTINEZ verbally acknowledged he understood his rights and exercised his right to remain silent.

19. I then met with Joselyn BUSTAMANTE and advised her of her rights per Miranda, which she acknowledged she understood. BUSTAMANTE agreed to waive her rights, and signed a Waiver of Rights Form.

20. During my interview with BUSTAMANTE she advised she and MARTINEZ lived at 603 Reservoir Street.

21. BUSTAMANTE also advised she and MARTINEZ had been the targets of a home invasion in the past, and stated she suspected MARTINEZ had been selling drugs from the home due to the large number of persons visiting the residence.

22. Based on the above mentioned details, the Device is believed to contain information relating to the drug trafficking activities described above and of other drug trafficking MARTINEZ and BUSTAMANTE have been involved in. This information could include, but is not limited to:

    a. Video evidence of customers, sources of supply, and co-conspirators both known and unknown who may have visited 603 Reservoir Street for the purpose of purchasing, providing, or using illegal drugs or other related crimes;

    b. Video evidence of vehicles used by customers, sources of supply, and co-conspirators both known or unknown who visited 603 Reservoir Street to include

vehicle license plates, which may aid in the identification of persons described above.

c. Video evidence of tactics, means of concealment, and methods of distribution or packaging being utilized by MARTINEZ, BUSTAMANTE, or any co-conspirator both known and unknown who are involved in drug trafficking activities at 603 Reservoir Street.

d. Access codes and user names, which could identify all persons using or accessing this Device or used to control the device remotely through the use of mobile phones or other computers.

23. The Device is currently in storage at the DEA Albuquerque District Office. In my training and experience, I know that the Device has been securely stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the DEA.

## TECHNICAL TERMS

24. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Computer Hardware: Computer hardware consists of equipment, which can collect, analyze, create, display, convert, store, conceal, or transmit electronic magnetic optical or similar impulses or data. Hardware includes, but is not limited to: data processing devices (desktop computers, CPU's, file servers, memory typewriters, digital video recorders, laptop or notebook computers) , internal and external peripheral storage devices and their associated drives (fixed disks, hard disks, floppy disks, tape drives, optical drives, CD-ROMs, DVD disks, and other

    memory storage devices), peripheral input/output devices, (keyboards, printers, scanners, plotters, video display monitors, and optical readers), communication devices (modems, cables, and connections), recording equipment, memory calculators, pagers, personal data assistants such as Palm computers, as well as any devices, mechanisms, or parts that can be used to restrict access to computers (physical locks, "card" keys, keys.)

b. Computer Software: Computer software is digital information or a set of instructions that can be interpreted by a computer and any of its components to direct the way they work. Software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating systems, applications, utilities, compilers, interpreters, and communication programs.

c. Computer Related Documentation: Computer related documentation consists of written, recorded, printed, or electronically stored material that explains or illustrates how to configure or use computer hardware, software, or other related items. Documentation also includes written, typed, or recorded notes that may contain passwords, or specific program operation instructions.

d. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

e. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of

four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

25. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as computer hardware, and is capable of connecting to the internet. Additionally the Device maintains the capability to transmit or stream data to a computer or mobile device, such as a mobile telephone. The Device also maintains the capability to store user names and passwords for multiple users. "In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

26. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered thru forensic examination.

27. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but

not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28.     *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion on to a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

29.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Clarence Davis
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me
On September ~~16~~ 30, 2015:

Steven C. Yarbrough
United States Magistrate Judge

## ATTACHMENT A

**Property to Be Searched**

The property to be searched is a black in color, Night Owl Digital Video Recorder; model WM-8DVR-5GB, and bearing serial number 170C-010339, hereinafter referred to as the "Device." The Device is currently located at the DEA Albuquerque District Office.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

### **Particular Things to be Seized**

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 841 and 846 involving Joel MARTINEZ and/or Joselyn BUSTAMANTE including:

    a. Digital video or photographs showing customers, sources of supply, and co-conspirators both known and unknown who may have visited 603 Reservoir Street for the purpose of purchasing, providing, or using illegal drugs or other related crimes;

    b. Digital video or photographs showing vehicles used by customers, sources of supply, and co-conspirators both known or unknown who visited 603 Reservoir Street to include vehicle license plates, which may aid in the identification of persons described above;

    c. Digital video or photographs showing evidence of tactics, means of concealment, and methods of distribution or packaging being utilized by MARTINEZ, BUSTAMANTE, or any other co-conspirator both known or unknown who are involved in drug trafficking activities at 603 Reservoir Street;

    d. Access codes and user names, which could identify all persons using or accessing this device or used to control the device remotely through the use of mobile phones or other computers;

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.